IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LIN EDWARD DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION: 7:13-CV-159- HL |
| | : | |
| FRANK WILLIAMS, *et al.,* | : | |
| | : | |
| Defendants | : | |

_____

# **O R D E R**

Plaintiff Lin Edward Davis, Sr., currently confined at the Thomas County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He presently has pending before the Court a motion for leave to proceed *in forma pauperis* (Doc. 2), two motions to amend (Docs. 5-6), a motion to appoint (Doc. 7), two motions for injunctive relief (Docs. 8, 14), a motion for special damages (Doc. 9), motion for discovery (Doc. 10), motion for legal access (Doc. 11), motion for process (Doc. 12), and a motion for a preliminary hearing (Doc. 13). For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is denied and his other pending motions are denied as moot.

## BACKGROUND

Plaintiff filed his Complaint on November 27, 2013, alleging that he was attacked by one or more officers on two different occasions wherein he fell to the ground. (Compl. 5.) Plaintiff alleges that he injured his leg on the second fall. (*Id.*) He contends that the attacks were in retaliation for a lawsuit that he had previously filed against the Thomas County Jail. (*Id.*)

Plaintiff lists Frank Williams, the State of Georgia, the Thomas County Sheriff's Department, and Thomas County as Defendants in the caption of his case. (Compl. 1.) Plaintiff also lists Virginia Williams, R. Fann, and Captain James as Defendants in the body of his complaint. (Compl. 4.) Plaintiff does not, however, specifically link any of these individual Defendants with his allegations that he was pushed down in retaliation for filing a lawsuit.

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

Plaintiff moves to proceed in this action *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(g), "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of the above "three strikes" rule in concluding it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998). In order to proceed under the imminent danger exception to § 1915(g), a prisoner must allege a present danger, as opposed to a past danger. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed numerous lawsuits in the United States District Courts, at least six of which were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1]  As Plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).  Plaintiff alleges that he continues to be in danger from the officers that previously attacked him.  (Compl. 5.)  Specifically, he states that they are not being punished for attacking him and he has to interact with them regularly.  (*Id.*)

An allegation of past imminent danger will not invoke the exception to the "three strikes" rule.  *Medberry*, 185 F.3d at 1193.  Furthermore, Plaintiff must allege *imminent* danger of *serious physical injury* to qualify for the exception.  28 U.S.C. § 1915(g) (emphasis added).  Plaintiff's allegations are limited solely to a past incident which fails to allege serious physical injury.  The only harm Plaintiff admits that he suffered was "an injured leg."  Even liberally construing these allegations in favor of Plaintiff, it is found that Plaintiff has failed to sufficiently plead that he is in imminent danger of serious physical injury.  Plaintiff's request to proceed *in forma pauperis* is therefore denied.  If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new

---

[1] *See Davis v. Seiter*, 3:95-cv-874-JPG (S.D. Ill. June 14, 1996) (complaint dismissed as frivolous); *Davis v. Dunlap*, 3:95-cv-272-JPG (S.D. Ill. Dec. 5, 1995) (same); *Davis v. Reno*, 1:95-cv-1648-UNA (D.D.C. Aug. 25, 1995) (same); *Davis v. USA*, 1:94-cv-693-RCF (N.D. Ga. May 23, 1994) (same); *Davis v. Reno*, 1:94-cv-694-RCF (N.D. Ga. May 23, 1994) (same); and *Davis v. Beach*, 5:91-cv-13-SBH-HWM (E.D. Tex. May 21, 1991) (same).

complaint form and the entire $350.00 filing fee. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

## II.     Miscellaneous Motions

Plaintiff also currently has several pending motions, including motions for injunctive relief. As explained above, however, Plaintiff cannot proceed in this action because he failed to pay the filing fee at the time he initiated this suit. *Dupree*, 284 F.3d at 1236. Consequently, Plaintiff's pending motions are denied as moot.

## CONCLUSION

For the reasons explained above, Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's remaining pending motions (Docs. 5-14) are **DENIED** as moot.

**SO ORDERED**, this 14th day of March, 2014.

*s/ Hugh Lawson*_____
HUGH LAWSON
lws                                                         UNITED STATES DISTRICT JUDGE